UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-399-JBC

JAMES N. GRAY COMPANY,                                                   PLAINTIFF,

V.                MEMORANDUM OPINION AND ORDER

AIRTEK SYSTEMS, INC. and
RUBY ASHMORE,                                                 DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2). Alternatively, they request that the court transfer this case pursuant to 28 U.S.C. § 1404. The court, having reviewed the record and being advised, will deny both motions.

**Facts:**

The plaintiff, James N. Gray Company ("Gray"), is a general contractor that was hired by the Army Corps of Engineers to build a facility in North Carolina. Gray subcontracted some of this work to Airtek Systems ("Airtek"). The subcontract contained a forum selection clause allowing courts in Fayette County, Kentucky to exercise personal jurisdiction over Airtek. In September 2005 Gray sued Airtek in Fayette Circuit Court alleging breach of contract. After Airtek removed the matter to this court, Gray amended its complaint advancing additional claims against Airtek and adding Ms. Ruby Ashmore as a defendant. Gray alleges that Ms. Ashmore, the Secretary/Treasurer of Airtek, committed fraud by sending false Applications for Payment to Gray in Kentucky.

The defendants argue that this court does not have jurisdiction over Ms. Ashmore because she lacks sufficient contacts to subject her to jurisdiction in Kentucky. They also argue the Eastern District of Kentucky is an improper venue because Kentucky courts do not have jurisdiction over Ms. Ashmore. Therefore, according to the defendants, this case should be dismissed. Alternatively, the defendants argue that this case should be transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404.

**Standard of Review:**

The plaintiff has the burden of proving that a court has jurisdiction over the defendant. *Neogen Corp* v. *Neogen Screening Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To meet this burden, the plaintiff must establish "with reasonable particularity" sufficient contacts between the defendant and the forum state. *Neogen Corp.*, 282 F.3d at 887. When considering the motion to dismiss for lack of personal jurisdiction, the court views the evidence in the light most favorable to the nonmoving party. *Id.*

In a diversity case, a federal court will have jurisdiction over an out-of-state party so long as the forum state's long-arm statute would permit jurisdiction and the exercise of jurisdiction would not violate Constitutional due process. *E.g., id.* Because Kentucky's long-arm statute allows "Kentucky courts to reach to the full constitutional limits of due process in entertaining jurisdiction over nonresident defendants," the court need only decide whether exercising jurisdiction over Ms. Ashmore would violate the Due Process Clause. *Aristech Chem. Int'l Ltd. v. Acrylic*

2

*Fabricators Ltd.,* 138 F.3d 624, 627 (6th Cir. 1998); *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002).

**Personal Jurisdiction:**

A three-part test governs whether a court may exercise specific jurisdiction over a non-resident defendant. First, the defendant must have purposefully availed herself of the forum state or she must have caused a consequence in the forum state. Second, the cause of action must have arisen from the defendant's activities in the forum state. Finally, the acts committed, or consequences caused, must have a substantial enough connection with the forum to make the exercise of jurisdiction reasonable. *E.g., Neal v. Janssen*, 270 F.3d at 328, 332 (6th Cir. 2001); *D.C. Micro Dev. v. Lange*, 246 F. Supp. 2d 705, 712 (W.D. Ky. 2003); *Wilson*, 85 S.W.2d at 593.

Where there are allegations of fraud, the first two criteria are met when the fraudulent statements are mailed to the forum state and cause damage there. *Janssen*, 270 F.3d at 332. *See also Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1986). It is irrelevant that the defendant never physically traveled to the forum state: "when a foreign defendant purposefully directs communications into the forum that cause injury within the forum, and those communications form the 'heart' of the cause of action, personal jurisdiction may be present over the defendant." *Janssen*, 270 F.3d at 333. Where the first two elements are satisfied, there is a presumption that the third element is also satisfied. *Theunissen*, 935 F.2d at 1461. *See also Janssen*, 270 F.3d at 333 (holding that the court had jurisdiction

3

over a non-resident defendant who sent fraudulent communications into the forum state); *Lange*, 246 F. Supp. 2d at 712.

In this case, Gray alleges damage because it received fraudulent documents from Ms. Ashmore. However, Ms. Ashmore denies committing fraud. Viewing these conflicting arguments in the light most favorable to Gray, the nonmoving party, the court cannot grant the defendants' motion. To grant the motion based on Ms. Ashmore's denial of wrongdoing would effectively constitute a decision on the merits. Because Gray alleges that Ms. Ashmore sent fraudulent documents to it in Kentucky and that this activity caused damage in Kentucky, the court may exercise jurisdiction over Ms. Ashmore.

**Venue:**

Parties who agree to a forum selection clause agree to submit themselves to the jurisdiction of the forum selected in the clause. *See Angstrom Tech. Inc. v. Wray*, 382 F. Supp. 2d 895, 897 (E.D. Ky. 2005). Venue is otherwise controlled by statute. In cases where jurisdiction is based on diversity of citizenship, venue is proper

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

28 U.S.C. § 1391(a).

In this case, the subcontract between Gray and Airtek contains a forum

selection clause stating that jurisdiction is proper in Fayette County, Kentucky. Neither party has challenged the validity of the forum selection clause. As Fayette County is located in the Eastern District of Kentucky, this court is the appropriate venue to hear Gray's claims against Airtek. As to Gray's claim against Ms. Ashmore, because the allegedly fraudulent communications giving rise to the cause of action were received in Fayette County, Kentucky, venue is proper under 28 U.S.C. § 1391(a)(2).

**Motion to Transfer:**

28 U.S.C. §1404(a) grants a district court the discretion to transfer a matter to another venue after weighing a number of case-specific factors, including the convenience of the parties and witness and the interest of justice. *Stewart Org., Inc. v. Ricoh Inc.*, 487 U.S. 22, 29 (1988). The presence of a forum selection clause does not necessarily dispose of a motion to transfer. *Id.* at 31. However, it is "a significant factor that figures centrally in the district court's calculus." *Id.* at 29.

Because this dispute centers around activities occurring in Fort Bragg, North Carolina, the defendants argue that the court should transfer this case to that district. It also argues that a significant number of potential witnesses and evidence are located in North Carolina; that Gray is a larger company than Airtek and better able to absorb

the costs of litigating in North Carolina; and that North Carolina has the superior interest in this litigation. Balancing the convenience to the parties, the convenience

5

to the witnesses, and the interests of justice, the court will not transfer the matter to North Carolina.

The instant forum selection clause states that any dispute arising from the subcontract will be settled in Fayette County, Kentucky. Both parties to the contract are sophisticated: they chose to enter into a business relationship worth almost $1.5 million. Despite knowing that a significant volume of activity surrounding this deal would take place in North Carolina, the parties chose to center their relationship in Kentucky through the forum selection clause. As the parties agreed to settle any disputes in Kentucky, Kentucky cannot be an inconvenient forum for them.

The court recognizes that a majority of potential witnesses live in North Carolina. However, several potential witnesses also live in Kentucky. At this early stage of litigation, it is impossible to know which witnesses will be required to appear at trial. Therefore, even though more witnesses are located in North Carolina, the convenience of the witnesses does not weigh heavily in favor of transferring the case to North Carolina. The realities of modern litigation require that witnesses and attorneys must occasionally travel from one judicial district to another. The court expects that the attorneys will cooperate and make all necessary arrangements to conduct discovery efficiently. If necessary, the court also expects the defendants to pay any judgment without the plaintiff having to resort to asset discovery in North Carolina.

Finally, the court notes that the Commonwealth of Kentucky has an interest

in this litigation. Gray is a Kentucky company that has alleged an injury and seeks a remedy. Therefore, Kentucky has a substantial interest in this matter. *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982). That North Carolina also has an interest in this dispute does not require the court to transfer this case. Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss or, alternatively, to transfer this case to the Eastern District of North Carolina (DE 11) is **DENIED**.

Signed on January 24, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY